(No. 25696.— ▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. GEORGE YUKICH, Plaintiff in Error.

*Opinion filed October 15, 1940.*

PATRICK T. HARRINGTON, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county for the crime of assault with intent to commit rape. He pleaded guilty. The court heard testimony with reference to the matter and sentenced him to the penitentiary for a term of from one to fourteen years, as provided by statute.

This writ of error has been sued out on the sole ground that the record does not contain evidence to prove, beyond a reasonable doubt, that plaintiff in error is guilty of the

crime charged. The argument is that in a prosecution for assault with intent to commit rape, the specific intent charged is the gist of the offense, and this is the rule. Intent is a question of fact to be determined by the court or jury, as the case may be, from the declarations of the assailant or from the character, manner and circumstances of the assault. *People* v. *Makovicki,* 316 Ill. 407; *Crosby* v. *People,* 137 id. 325.

In this case it is not argued that plaintiff in error did not understand the charge against him or that he was not informed by the court as to that offense. He was represented by counsel and pleaded guilty on his advice. When he did so, he admitted the intent essential to the crime charged. His present counsel in his brief recites facts in support of the contention that the evidence heard by the court after the plea of guilty was insufficient, in law, to warrant a conviction for assault with intent to commit rape. No good reason appears for reviewing the testimony here.

The judgment is affirmed.           *Judgment affirmed.*